IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN MARLIN WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-613 |
| | ) Judge Lancaster |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Gary L. Lancaster,
District Judge                                October 23, 2008

Plaintiff Lynn Marlin Walker ("Walker") applied for disability insurance benefits under Title II of the Social Security Act [42 U.S.C. §§ 401-433] on December 1, 2004, alleging disability as of September 15, 2000. (R. at 14). This claim was initially denied on April 5, 2005. (R. at 30). Walker filed a timely request for an administrative hearing. (R. at 35). On November 14, 2006, a hearing was held in Latrobe, Pennsylvania, before Administrative Law Judge Raymond J. Zadzilko ("ALJ"). (R. at 166). In a decision dated April 23, 2007, the ALJ determined that Walker was not entitled to disability insurance benefits. (R. at 11-18). The Appeals Council denied Walker's request for review on February 26, 2008, thereby making the ALJ's decision the final decision of the Commissioner of Social Security

1

("Commissioner") in this case. (R. at 4). Walker subsequently commenced this action against the Commissioner, seeking judicial review of the ALJ's decision in accordance with 42 U.S.C. § 405(g). On July 28, 2008, the Commissioner filed a motion to dismiss Walker's complaint, contending that this action had not been filed within the requisite sixty-day period. (Doc. No. 4). That motion is the subject of this memorandum opinion. For the reasons that follow, the motion will be denied.

The first sentence of § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Referencing the docket sheet, the Commissioner contends that Walker did not file a motion for leave to proceed *in forma pauperis* until May 6, 2008. (Doc. No. 1). It is undisputed that May 1, 2008, was the last day on which Walker could commence this action under § 405(g). Nevertheless, Walker contends that he actually filed his complaint on May 1, 2008. (Doc. No. 8). The complaint was filed on that date, but it was accompanied by neither the required filing fee nor a motion for leave to proceed *in forma pauperis*. (Case 2:05-mc-02025, Doc. No. 574). After learning that his filing had been

2

defective, Walker filed a motion for leave to proceed *in forma pauperis* on May 6, 2008. (Doc. No. 1). The Court granted the motion on May 7, 2008, and Walker refiled his complaint on that date. (Doc. Nos. 2 & 3). The question before the Court is whether this action was timely commenced under § 405(g).

At the outset, the Court notes that the sixty-day limitations period prescribed by § 405(g) is not a limitation on this Court's jurisdiction. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Instead, it is a statute of limitations. *Id.* As such, it is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

In this case, Walker initially commenced this action without paying the required filing fee or seeking leave to proceed *in forma pauperis*. Filing fees for commencing actions in this Court are, of course, mandated by 28 U.S.C. § 1914. Under 28 U.S.C. § 1917, a litigant who files a notice of appeal is likewise required to pay a filing fee. In *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955)(per curiam), the United States Supreme Court treated a clerk's *receipt* of a notice of appeal as sufficient to commence the appeal within the statutorily-prescribed period, even though the party filing the appeal had neglected to pay the required filing fee in a timely manner. Some courts have relied on *Parissi* for the proposition that a complaint in a district

3

court is deemed to be "filed" when it is lodged with the clerk of the court, even where the plaintiff fails to file the fee required by § 1914 in a timely manner, as long as the plaintiff subsequently pays the fee when directed to do so. *Smith v. Planned Parenthood of the St. Louis Region*, 327 F.Supp.2d 1016, 1019-1020 (E.D.Mo. 2004).

In *Rodgers v. Bowen*, 790 F.2d 1550, 1551-1552 (11th Cir. 1986), the United States Court of Appeals for the Eleventh Circuit held that an action is "commenced" within the meaning of § 405(g) when a complaint is filed with the district court, regardless of whether the plaintiff has filed the required filing fee in a timely manner. The United States Court of Appeals for the Third Circuit expressly relied on *Rodgers* in *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996). In *McDowell*, the Court of Appeals explained that while a complaint is not formally filed until the filing fee has been paid, the complaint is deemed to have been constructively filed on the date that the clerk of court received the complaint, provided that the plaintiff has subsequently paid the filing fee or the district court has subsequently granted the plaintiff permission to proceed *in forma pauperis*. *McDowell*, 88 F.3d at 191. In this case, the Court granted Walker leave to proceed *in forma pauperis*. (Doc. No. 2). Therefore, Walker's action against the Commissioner was "commenced" on May 1, 2008, when the clerk

received his complaint. *Rodgers*, 790 F.2d at 1551-1552. Accordingly, the Court will deny the Commissioner's motion to dismiss.

AND NOW, this 23rd day of October, 2008, IT IS HEREBY ORDERED that the Commissioner's motion to dismiss (Doc. No. 4) is DENIED.

BY THE COURT:

/s/ Gary L. Lancaster
Gary L. Lancaster,
United States District Judge

cc: All Counsel of Record

5